UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BLACK WARRIOR RIVERKEEPER INC.,**  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>**KIM T. THOMAS,** *in his official capacity as Commissioner, Alabama Department of Corrections*, **and ALABAMA UTILITY SERVICES LLC,**  )<br>)<br>)<br>)<br>)<br>)<br>Defendant.  ) | Civil Action Number<br>**2:13-cv-00410-AKK** |

### MEMORANDUM OPINION AND ORDER

Black Warrior Riverkeeper, Inc. ("Riverkeeper") brings this action under the Clean Water Act ("CWA")[1], 33 U.S.C. § 1251 *et seq.*, against Alabama Utility Services LLC ("AUS") and Kim T. Thomas, in his official capacity as the Alabama Department of Corrections ("ADOC") Commissioner.[2] Doc. 1. ADOC contends that the claims against it are due to be dismissed under the Eleventh Amendment and Fed. R. Civ. P.12(b)(1) and (6). Doc. 9. The motion is fully

---

[1] The CWA is also referred to as the Federal Water Pollution Control Act.

[2] "A suit against a state official in his or her official capacity is not a suit against the individual but rather a suit against the official's office." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Accordingly, the claim raised against Thomas is actually a claim against ADOC. For this reason, the court will refer to Thomas as "ADOC."

briefed and ripe for review. Docs. 14-15. For the reasons stated more fully below, the motion is **GRANTED**.

## I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted).  The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").  Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. PROCEDURAL AND FACTUAL BACKGROUND[3]

In 1979, the Environmental Protection Agency ("EPA") approved Alabama's National Pollutant Discharge Elimination System ("NPDES") permit program pursuant to the CWA.  Doc. 1 at ¶ 17.  The state, in turn, issued NPDES Permit No. AL0045560 to ADOC.  *Id*. at ¶ 18.  When ADOC's Treatment Plant purportedly failed to meet the permit's requirements, ADOC entered into Consent Order 00-015-CWP to resolve the violations in October 1999.  *Id*. at ¶ 21.  However, the Treatment Plant purportedly failed to comply with the terms of the Consent Order and suffered from approximately 1,060 other permit violations.  *Id*.

---

[3]"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  In other words, the "facts" here are taken directly from the complaint.

Accordingly, Riverkeeper sent ADOC a CWA Notice of Intent to Sue on November 10, 2004. *Id*.

In January 2005, the state sued ADOC for the alleged violations raised in Riverkeeper's Notice of Intent to Sue. *Id*. at ¶ 22. Although Riverkeeper intervened in the suit, the state moved to voluntarily dismiss the suit nonetheless because ADOC hired AUS to operate the facility and because the state found that the Treatment Plant had substantially complied with the terms of the NPDES permit. *Id*. Subsequently, in December 2005, the Alabama Department of Environmental Management ("ADEM") reissued the NPDES permit to ADOC, authorizing the Treatment Plant to discharge pollutants into state waters with several specific limitations. *Id*. at ¶¶ 23-24. In April 2006, ADEM modified the 2005 permit to name AUS as the sole permittee. *Id*. at ¶ 25. Four years later, ADEM reissued the NPDES permit to AUS with slightly modified limitations. *Id*.

Riverkeeper alleges that ADOC and AUS "have operated and continue to operate the Donaldson Wastewater Treatment Plant in violation of NPDES Permit No. AL0045560 by discharging pollutants from point sources into Big Branch and Valley Creek, tributaries of the Black Warrior River, and into the Black Warrior River[.]" Doc. 1 at ¶ 29. As a result, it filed this lawsuit alleging violations of the CWA. Specifically, Riverkeeper raises two claims under the CWA for alleged

violations of NPDES Permit No. AL0045560.  Doc. 1.

### III. ANALYSIS

ADOC has moved to dismiss and raises three arguments in support of its motion: (1) lack of jurisdiction, (2) failure to state a claim, and (3) Eleventh Amendment immunity.  Doc. 9.  The court discusses ADOC's contentions below.

### A.     Eleventh Amendment Immunity

Under the Eleventh Amendment, "[t]he judicial power of the United States shall not be construed to extend to any suit . . . against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."  U.S. CONST. amend. XI.  The Supreme Court has additionally held "that an unconsenting state is immune from lawsuits brought in federal court by the state's own citizens."  *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir. 1990), citing *Hans v. Louisiana*, 134 U.S. 1 (1890).  Moreover, the Eleventh Amendment's immunity doctrine extends to cover a state official sued in his or her official capacity because such lawsuits are considered suits against the state itself.  *Id.*, citing *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984).  Accordingly, absent an express waiver, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."  *Id.* (internal quotation marks and citation omitted).

Riverkeeper filed suit against Thomas "in his Official Capacity as COMMISSIONER, ALABAMA DEPARTMENT OF CORRECTIONS[.]" Doc. 1 at 1. Accordingly, the suit is against the Department of Corrections, a state department, and, as such, is construed as a suit against the State of Alabama. However, Eleventh Amendment immunity is unavailable to ADOC because of the doctrine enunciated in *Ex Parte Young*, 209 U.S. 123 (1908), which abrogates immunity "for lawsuits against state officials as long as the plaintiffs seek only prospective injunctive relief to stop ongoing violations of federal law." *Friends of Everglades v. South Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1215 (11th Cir. 2009). Based on the "straightforward inquiry" courts utilize to determine "whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective," *Virginia Office for Protection and Advocacy v. Stewart*, 131 S. Ct.1632, 1639 (2011) (internal quotation marks and citation omitted), ADOC is not entitled to Eleventh Amendment immunity because Riverkeeper alleges an ongoing violation of the CWA and properly limits the damages it seeks to prospective relief. *See* doc. 1 at 13-14 (seeking a declaration of an ongoing violation, an injunction to prevent further violations, and a court order to compel compliance from ADOC and AUS, but seeking a civil penalty and costs from only AUS).

**B.     Fed. R. Civ. P. 12(b)(1) Lack of Jurisdiction**

Riverkeeper alleges subject matter jurisdiction over ADOC under the CWA for purported violations of effluent limitations set forth in NPDES Permit No. AL0045560. Doc. 1 at 10-12. Under the CWA, "any citizen may commence a civil action on his own behalf . . . against any person . . . who is alleged to be in violation of . . . an effluent standard or limitation under this chapter." 33 U.S.C. § 1365(a). These effluent standards and limitations may be established through an NPDES permit, and thus a violation of the permit constitutes a violation of the CWA. *EPA v. California ex rel. State Water Resources Control Bd.*, 426 U.S. 200, 205 (1976). ADOC contends that "[t]here is no authority under the [CWA], § 505, 33 U.S. § 1365 for seeking a claim against [it]" for an alleged NPDES permit violation since ADOC is not the permit holder. Doc. 9 at 3. The court agrees.

The claim before this court is premised on an alleged violation of a NPDES permit. Such a permit "defines, and facilitates compliance with, and enforcement of, a preponderance of a discharger's obligations under the [CWA]." *California ex rel. State Water Resources Control Bd.*, 426 U.S. at 205. In other words, the duty of compliance established through a NPDES permit is defined by the terms of the permit itself and the duty of compliance exists for the named permittee. In that respect, although Riverkeeper alleges that ADOC owns the Treatment Plant, it

also alleges that "AUS operates the . . . Treatment Plant under NPDES Permit No. AL0045560" and that in 2006 ADEM "change[d] the name of the permittee from the DOC to AUS." Doc.1 at ¶¶ 18, 25.

In other words, as it relates to ADOC, the issue before this court is whether the owner of a facility can be deemed to be in violation of the terms of a permit specifically issued to a third party that is operating the facility for the owner. In answering this question, although the court found no case explicitly holding that a non-permit holder cannot be held liable for a permit violation under the CWA, the court notes that Riverkeeper failed to cite to a case establishing such jurisdiction. In fact, the cases Riverkeeper cited fail to support its contention that the court has jurisdiction over ADOC. *See e.g.*, *Williams v. Ala. Dept. of Transp.*, 119 F. Supp. 2d 1249, 1255 (M.D. Ala. 2000) (CWA claim against director of Alabama Department of Transportation for allegedly "dispos[ing] of hazardous wastes *without a federal permit*." (emphasis added)); *Committee To Save Mokelumne River v. East Bay Mun. Utility Dist.*, 13 F.3d 305 (9th Cir.1993) (finding that the municipal utility district and members of the water board owned and operated the discharging facility and were thus liable under the CWA for discharging pollutants *without a permit*); *Pennsylvania Envtl. Def. Found. v. Mazurkiewicz*, 712 F. Supp.1184 (M.D. Pa. 1989) (affirming partial summary judgment against a state

correctional facility and its supervisory employees for a violation of a NPDES permit issued *in the facility's name*).  Notably, cases establishing liability for a discharging facility owner who does not hold a NPDES permit are not based upon a permit violation, but rather a discharge *without a permit*.  *See e.g.*, *Williams*, 119 F. Supp. 2d 1249.  Accordingly, the court agrees with ADOC that the CWA does not establish subject matter jurisdiction over a non-permit holder for a permit based violation.[4]

Alternatively, the claims against ADOC fail because of Riverkeeper's failure to allege that ADOC is responsible for the purported permit violations. *See* Fed. R. Civ. P. 12(b)(6).  Instead, although Riverkeeper maintains that its samplings demonstrate the Treatment Plant failed to comply with the terms of the NPDES permit, Riverkeeper alleges, however, that "[A]DOC owns and *AUS operates*" the facility and that the NPDES permit requires AUS to control the discharge of pollutants from the plant.  Doc. 1 at ¶¶ 18, 23, 25 (emphasis added). Despite ADOC's ownership of the plant, Riverkeeper's allegations establish that AUS operates and controls the Treatment Plant and is responsible for the

---

[4] Moreover, since Riverkeeper alleges that AUS holds the NPDES permit and operates the Treatment Plant, AUS is the purported pollutant discharger. Riverkeeper failed to allege that ADOC is a "discharger" within the meaning of the CWA, a necessary element to establish liability for discharge of a pollutant in violation of a NPDES permit.

discharge of pollutants from that facility.  Based on these allegations, the complaint fails to show that ADOC is likewise responsible for any purported CWA violations.  This finding is consistent with the State of Alabama's findings in a prior suit against ADOC for alleged CWA violations at the Treatment Plant where the state voluntarily dismissed the CWA action due to ADOC's retention of AUS.[5]  Doc. 1 at ¶ 22, citing Jefferson County Circuit Court Case No. CV-05-40.  Accordingly, ADOC's motion to dismiss is **GRANTED** and, as to ADOC, Counts 1 and 2 are **DISMISSED without prejudice**.

    **DONE** this 12th day of April, 2013.

_____
    **ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

[5] The court also notes that although Riverkeeper alleges that ADOC was the NPDES permit-holder and Treatment Plant operator prior to 2005, the samplings that create the basis for this lawsuit were performed in 2013.  Put differently, Riverkeeper failed to allege that the purported violations arose while ADOC operated the Treatment Plant and held the NPDES permit.